hFITZSIMMONS, Judge.
In this personal injury ease, the trial court found that the pilot of the seaplane, Ray Sick, was not at fault in the collision with the plaintiffs’ boat. The trial court dismissed plaintiffs’ suit against the following defendants: Ray Sick, Cenac Towing Co., Inc. and Continental Insurance Company.[1] Plaintiffs, Thomas Flannigan, individually and as natural tutor of his minor child, Christina Flanni-gan, and Teresa Flannigan, appealed.
The pilot testified that he surveyed the area of the Superior Canal on his downwind leg before he landed. He saw no boat activity. While the seaplane was landing, the Flannigan boat came out of a dead-end cove and entered the canal in front of the seaplane. The seaplane veered to avoid hitting the boat. The boat turned into the seaplane’s path in an effort to make a U-turn and reenter the canal. The seaplane and the boat collided. The trial court found that:
The pilot cannot be held responsible for the appearance of any craft which may pop out in front of the plane during landing maneuvers. It was Mr. Flannigan’s duty in approaching a blind intersection of a superior navigable canal from a dead-end cove, ... to stop and look both ways to determine the safety of entering that canal.
The pilot, Mr. Sick, clearly had the right of way, first because he operated the least maneuverable vessel and second because he was traveling on the major artery. Mr. Flannigan failed to exercise his duty of care to determine if the waterway was clear to proceed. The [defendants cannot be held liable for the [plaintiffs’] failure to act prudently or for damage which occurred when the plane elected to forego the right of way and take evasive action. The [plaintiffs’] attempt to shift the responsibility by saying that had the plane continued on its path, no accident would have occurred falls painfully short. The [c]ourt notes that the evasive action taken by the pilot ... prevented serious injury which would have resulted from the prop running into the boat.
We find no basis for a reversal in the errors assigned by plaintiffs. After a thorough review of the record, we cannot say the trial court committed manifest error in its findings of fact. Based on these findings, the trial court did not err in finding Uthat the pilot was without fault and dismissing the suit.
We affirm the judgment of the trial court. The costs of the appeal are assessed to the plaintiffs.
AFFIRMED.

. Continental Insurance Company was substituted for the defendant-insurer named in the original petition, Associated Aviation Underwriters.